**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AUTOMOTIVE LIFT INSTITUTE, INC.,

Plaintiff, 5:25-cv-1010 (ECC/MJK)

v.

DAMI CO., LLC, *doing business as* Tech-Center Hawaii,

Defendant.

---

Sharon M. Sulimowicz, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Automotive Lift Institute, Inc. brings this action against Defendant Dami Co., LLC, doing business as Tech-Center Hawaii, asserting causes of action for copyright and trademark infringement and related claims. Dkt. No. 1. Defendant has failed to answer the complaint or otherwise appear in this action. Presently before the Court is Plaintiff's motion for a default judgment. Dkt. No. 17. For the following reasons, Plaintiff's motion is granted as to liability with respect to its copyright infringement claim and for an award of damages.

## I. FACTS[1]

According to the complaint, Plaintiff is a "not-for-profit trade association of manufacturers and marketers of automotive lifts throughout North America" whose mission is to "promote the safe design, construction, installation, service and use of automotive lifts." Dkt. No. 1 ¶¶ 1, 9. Plaintiff is accredited by the American National Standards Institute (ANSI) and has established

---

[1] The following facts are drawn from Plaintiff's complaint, supporting declarations, and accompanying exhibits, and are accepted as true for the purposes of this motion.

certification programs for automotive lifts to ensure compliance with ANSI standards. *Id.* at ¶¶ 10-11.

Plaintiff also "develops and publishes various documents including certification standards, lifting points guides and safety materials for automotive lifts." *Id.* at ¶ 12. Plaintiff has registered several of these documents and obtained Certificates of Copyright Registration. *Id.* at ¶ 13. Specifically, Plaintiff owns U.S. Copyright Registration No. TX0009138584 for the document "ANSI/ALI ALOIM:2020 STANDARD FOR AUTOMOTIVE LIFTS – SAFETY REQUIREMENTS FOR OPERATION, INSPECTION AND MAINTENANCE" (the ANSI/ALI ALOIM Standard). *Id.*; *see* Dkt. No. 17-2 (Certificate of Registration for the ANSI/ALI ALOIM Standard). Plaintiff also commissioned another entity to register Copyright Registration No. TX0007988577 on Plaintiff's behalf for the document "Quick Reference Guide – Vehicle Lifting Points for Frame Engaging Lifts as Prepared for The Automotive Lift Institute, Inc." (the Lifting Points Guide). Dkt. No. 1 ¶¶ 13, 15. Plaintiff offers the ANSI/ALI ALOIM Standard and the Lifting Points Guide for sale to various entities in the industry. *Id.* at ¶ 17. According to Plaintiff's President, Plaintiff sells the digital version of the ANSI/ALI ALOIM Standard for $22.00 per download, with no associated hard costs. Dkt. No. 17-1 ¶ 8.

Plaintiff has also developed an ALI Lift Inspector Certification Program (Certification Program). Dkt. No. 1 ¶ 20. Inspectors who successfully complete the Certification Program are permitted to "hold themselves out as ALI Certified Lift Inspectors" and can issue Inspection Reports and labels containing ALI's trademarked logo "Automotive Lift Institute – ALI – Certified Lift Inspector," identified as U.S. Serial Number 85071769 and U.S. Registration Number 4238142. *Id.* at ¶ 23.

Defendant, a Hawaii limited liability company, performs automotive lift inspections but has never completed Plaintiff's Certification Program. *Id.* at ¶¶ 24-25. Defendant nonetheless "holds itself out as a certified automotive lift inspector" and has "created a logo for its business that, while not identical to ALI's trademarked logo, appears very similar having the same look and feel such that it could be construed as being associated with Plaintiff." *Id.* at ¶¶ 26, 28. Defendant "has also included QR codes on inspection stickers that, when scanned, provide[] the user with access to the ANSI/ALI ALOIM Standard and ALI's Lifting Points Guide in violation of Plaintiff's copyright." *Id.* at ¶ 31.

Plaintiff commenced this action by filing the complaint on July 30, 2025. Dkt. No. 1. After requesting and receiving extensions of time to accomplish service of process, Plaintiff filed proof of service on Defendant indicating that Joseph D'Amico was personally served. Dkt. No. 11.[2] Upon Plaintiff's request, Dkt. No. 14, the Clerk entered Defendant's default on March 26, 2026, Dkt. No. 15 (Clerk's Entry of Default). Plaintiff thereafter moved for default judgment. Dkt. No. 17. Plaintiff served Defendant with the motion for default judgment. Dkt. No. 18.

## II. DISCUSSION

### A. Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

[2] Nothing in Plaintiff's submissions explains who Mr. D'Amico is or his relationship to Defendant. According to a search of the Hawaii Business Express business records (https://hbe.dcca.hawaii.gov/search-and-buy), however, Mr. D'Amico is a member of Defendant.

shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Considering the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. "The decision whether to enter default judgment is committed to the district court's discretion . . . ." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Doe v. Rees*, No. 24-cv-274 (MAD/ML), 2025 WL 834786, at *4 (N.D.N.Y. Mar. 17, 2025) (quoting *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (citation omitted).

Plaintiff has met the procedural requirements and is entitled to an order of default under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2(b). Accordingly, the Court will address liability.

**B. Liability of Defendant**

Although the complaint asserts twelve causes of action, Plaintiff's motion for default judgment is premised on only two: copyright infringement and trademark infringement. *See generally* Dkt. No. 17-10. Because Plaintiff's motion does not seek any damages with respect to the trademark infringement claim, the Court addresses only the copyright infringement claim.

Copyright infringement "is established when the owner of a valid copyright demonstrates unauthorized copying." *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (citation omitted); *see also Great Bowery, Inc. v. Royal Beauty Studio Inc.*, 831 F. Supp. 3d 187, 209 (E.D.N.Y. 2026) ("To prevail on a claim of copyright infringement, a plaintiff must show '(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work.'" (citation omitted)).

Here, Plaintiff alleges that it is the sole owner of U.S. Copyright Registration No. TX0009138584 for the ANSI/ALI ALOIM Standard document. Dkt. No. 1 ¶¶ 13, 14. Plaintiff has also submitted a copy of this Certificate of Registration with its motion for default judgment indicating an effective registration date of December 9, 2020. Dkt. No. 17-2. Thus, Plaintiff has satisfied the first element of its copyright infringement claim by establishing ownership of a valid copyright. *See Great Bowery, Inc.*, 831 F. Supp. 3d at 209-10 (noting that a certificate of registration "constitutes *prima facie* evidence of the valid ownership of a copyright" and that, alternatively, a plaintiff's "assertion of the existence of a valid copyright, even without producing the certificate, is satisfactory in cases of default as the allegations in a complaint are accepted as true" (citations omitted)).

Second, Plaintiff alleges that Defendant has "included QR codes on inspection stickers that, when scanned, provide[] the user with access to the ANSI/ALI ALOIM Standard" in violation

of Plaintiff's copyright. Dkt. No. 1 ¶ 31.[3] Plaintiff therefore has sufficiently alleged that Defendant infringed Plaintiff's copyright by providing the copyrighted material to others without authorization. *See Great Bowery, Inc.*, 831 F. Supp. 3d at 211 (concluding that the complaint's allegations were sufficient to establish that the defaulting defendant copied "constituent elements" of the copyrighted work where the complaint alleged that the defendant displayed the work on its "Instagram without authorization").

Accordingly, default judgment will be entered in favor of Plaintiff and against Defendant with respect to liability on Plaintiff's claim for copyright infringement.

**C. Remedies**

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

Here, Plaintiff seeks statutory damages for Defendant's copyright infringement pursuant to 17 U.S.C. § 504 and attorney's fees and costs pursuant to 17 U.S.C. § 505. *See generally* Dkt. No. 17-10.

---

[3] The complaint contains no allegations with respect to when or over what time period Defendant allegedly provided users with access to Plaintiff's copyrighted work. However, the affidavit of Plaintiff's counsel references a cease-and-desist letter sent to Defendant in July 2024. *See* Dkt. No. 17-3 ¶ 8.

**1. Statutory Damages**

A copyright infringer "can be held liable for either actual damages and profits obtained or for statutory damages." *Fischer v. Forrest*, 968 F.3d 216, 220 (2d Cir. 2020) (citing 17 U.S.C. § 504(a)). The copyright owner may elect to recover, instead of actual damages, "an award of statutory damages for all infringements involved in the action, with respect to any one work" in an amount between $750 and $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1).[4] Here, Plaintiff asserts that it is unable to verify the "number of 'downloads' of the copyrighted work[]" and therefore requests the "maximum amount of statutory damages of $30,000 for the infringement of the ANSI/ALI ALOIM Standard." Dkt. No. 17-10 at 6-7.

District courts "enjoy wide discretion in setting statutory damages." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (citation omitted). Courts consider the following six factors when determining the amount of statutory damages to award for copyright infringement:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted).

Here, Defendant's default makes it impossible to meaningfully ascertain factors two, five, and six. Regarding factor one, the Court can draw an inference from Defendant's default that Defendant willfully infringed the copyright. *See Great Bowery, Inc.*, 831 F. Supp. 3d at 216. Regarding factor three, Plaintiff asserts that it sells the digital version of the work for the relatively small amount of $22, all of which is profit, although it is unknown how many times Defendants

[4] For willful infringement, the maximum permissible award per infringed work rises to $150,000. 17 U.S.C. § 504(c)(2).

offered the work to others or how many of those individuals would have otherwise purchased the work from Plaintiff.[5] The deterrent effect on the infringer and third parties, factor four, "warrants a significant award." *See Sadowski v. Render Media Inc.*, No. 17-cv-9045, 2020 WL 1178629, at *4 (S.D.N.Y. Mar. 10, 2020), *report-recommendation adopted*, 2020 WL 5968668 (S.D.N.Y. Oct. 8, 2020). Thus, factors one and three weigh in favor of a significant statutory damages award to Plaintiff, while factor three does not suggest a large award is necessary.

"While some courts . . . have granted in full a plaintiff's request for statutory damages in similar copyright infringement cases where a defendant had defaulted, such cases typically include facts demonstrating that the defendant continued its infringing conduct despite receiving notices to end such activity." *Id.* (collecting cases). Plaintiff has not pleaded such facts, and the Court therefore concludes that an award of $25,000, instead of the requested $30,000 is appropriate. *See id.* (citing cases awarding similar amounts).

**2. Attorney's Fees and Costs**

Plaintiff also requests attorney's fees and costs in the total amount of $10,641.41, representing $6,997.91 in billed attorney's fees, $2,000 in unbilled and anticipated attorney's fees, and $1,643.50 in costs. *See* Dkt. No. 17-3 ¶¶ 16-19.

The Copyright Act provides that a court "may allow the recovery of full costs" and "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Attorney's fees are not guaranteed but "may be awarded 'only as a matter of the court's discretion.'" *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 243 (S.D.N.Y.) (quoting *Fogerty v. Fantasy,*

[5] Plaintiff has provided no information regarding the amount of any licensing fee it charges for the work, a factor commonly considered by courts when awarding statutory damages. *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374-75 (S.D.N.Y. 2019) (noting that "courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid") (citation omitted).

*Inc.*, 510 U.S. 517, 534 (1994)). In exercising its discretion the court "considers a number of nonexclusive factors, such as 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.*

Here, because Defendant has failed to respond to the complaint, "there are no defenses or claims for the Court to assess—leaving only compensation and deterrence as factors for the Court to consider." *Id.* (citation omitted). Although Plaintiff makes no argument as to why the Court should exercise its discretion to award costs and attorney's fees in this case, the Court concludes that such an award is appropriate here, where Defendant's infringement can be deemed willful, for purposes of both compensation and deterrence. *See id.*

"In calculating attorney's fees, the district court must first determine the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). This approach requires a district court to set "a reasonable hourly rate, taking account of all case-specific variables," and determine "the appropriate billable hours expended." *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019) (citation omitted). To arrive at a lodestar calculation, the party seeking an award of attorney's fees "should submit evidence supporting the hours worked and the rates claimed." *Stokes*, 681 F. Supp. 3d at 244 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, Plaintiff's counsel submitted invoices she sent to Plaintiff that indicated the type of work that she and her paralegal performed on behalf of Plaintiff in this action. *See* Dkt. No. 17-3 (attorney affidavit); Dkt. No. 17-6 (invoices). Plaintiff's counsel asserts that her paralegal

performed approximately 5.8 hours on this matter, a figure which is corroborated by the Court's review of the invoices submitted. *See* Dkt. No. 17-3 ¶ 15. Plaintiff's counsel does not specify the number of hours she worked on this matter but seeks to recover $6,275 in attorney's fees. Based on counsel's asserted regular hourly rate of $325 through 2025 and $400 beginning in 2026, and because the invoices indicate that counsel billed 0.9 hours in 2026, this figure appears to be for approximately 19.1 hours. Although the invoices submitted seem to document at least that many hours billed, some of the time entries appear to include block billing with work performed for other matters. *See* Dkt. No. 17-6 at 4-9, 12. The Court therefore exercises its discretion to decrease the number of hours counsel expended for which fees may be awarded to 15.0 hours. The Court further finds that a total of 20.8 hours—15.0 attorney hours and 5.8 paralegal hours—is a reasonable number of hours for a case involving a default judgment in a copyright infringement. *See Automotive Lift Inst., Inc. v. Autokato Engineering, LTD*, No. 25-cv-106 (FJS/MJK), 2026 WL 3026255, at *4 (N.D.N.Y. Oct. 8, 2026) (reducing hours to 25 hours and collecting cases finding 8.5 to 28.9 hours reasonable in similar cases). The Court declines to award attorney's fees for additional work counsel anticipates. *See id.*

With regard to the appropriate hourly rate for this work, Plaintiff requests the following hourly rates: $325.00 per hour for Attorney Sulimowicz, who has been a member of the New York Bar for 30 years, for work done prior to 2026 and $400.00 per hour for work done after January 1, 2026; and $125.00 per hour for Ms. Springer, a paralegal. Dkt. No. 17-3 ¶¶ 13-15.

In calculating the lodestar, district courts should use the prevailing hourly rate "in the community,' which means the "district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). (citations omitted). "A review of cases in this District indicates that the following hourly rates (or rate ranges)

are reasonable: $250-$350 for partners; $165-$200 for associates; and $80-$95 for paralegals, legal assistants, and other paraprofessionals." *UFCW Local One Health Care Fund v. Greene Great Am., Inc.*, No. 23-cv-1441 (BKS/MJK), 2025 WL 1506163, at *5 (N.D.N.Y. May 27, 2025) (footnotes and citations omitted). The Court finds that Plaintiff's requested hourly rate of $325 for Attorney Sulimowicz is reasonable given her 30 years of practice, although the Court declines to award any fees using a $400 hourly rate. Because the requested hourly rate for Ms. Springer, a paralegal, exceeds even the highest hourly rate in this District for paralegals, the Court reduces the hourly rate for Ms. Springer to $95. *See Automotive Lift Inst.*, 2026 WL 3026255, at *5 (reducing Ms. Springer's hourly rate to $95).

Thus, Plaintiff is entitled to an award of attorney's fees of $5,426, for 15 attorney hours at $325 per hour and 5.8 paralegal hours at $95 per hour.

Finally, Plaintiff seeks costs in the amount of $1,643.50 "for the cost of filing the original action and service of the pleadings, as well as having to hire a private investigator to locate Defendant in Texas." Dkt. No. 17-3 ¶ 16. The invoices counsel sent to Plaintiff contain an August 30, 2025 charge in the amount of $286.00 for "ASP Docs LLC" and a September 29, 2025 charge in the amount of $286.00 for "ASP DOCS – PI fee." Dkt. No. 17-6 at 15-16. Plaintiff did not submit any invoices or documentation for these charges, and it is not clear what these charges are for.[6] Although the second charge includes a notation that it is a "PI fee," Plaintiff's documentation indicates that the private investigator it hired was from Copeland Investigations. Accordingly, the Court in its discretion declines to award Plaintiff either charge for "ASP Docs."

---

[6] The results of a Google search for "ASP Docs LLC" suggest that this entity is a document management company.

Plaintiff seeks to recover $666.50 for the costs of hiring a private investigator to locate Defendant in Texas. The invoice from Copeland Investigations, however, is for the amount of $600.00. Dkt. No. 17-7. Accordingly, Plaintiff is awarded $600.00 for this cost. Lastly, the Court will award Plaintiff $405.00 in costs for the filing fee because Plaintiff's billing records and the Court's docket substantiate these costs. *See Automotive Lift Inst.*, 2026 WL 3026255, at *6.

Accordingly, the Court will award Plaintiff attorney's fees and costs in the total amount of $6,431.00.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment, Dkt. No. 17, is **GRANTED** as to liability with respect to its copyright infringement claim against Defendant; and it is further

**ORDERED** that Plaintiff is entitled to an award of statutory damages in the amount of $25,000.00 and to an award of attorney's fees and costs of $6,431.00; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in Plaintiff's favor as set forth above and close this action; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by regular mail at Defendant's last known address and file a certificate of service upon completion of such service.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Elizabeth C. Coombe
U.S. District Judge